UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ROGER LANDRY and PEGGY LANDRY**<br>Plaintiffs | CIVIL CASE NO. _____ |
| versus | JUDGE JAMES CAIN |
| **STATE FARM FIRE AND CASUALTY COMPANY**<br>Defendant | MAGISTRATE JUDGE KAY |

## ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs **Roger Landry and Peggy Landry** (hereinafter "Plaintiffs"), who respectfully represent as follows:

**Parties**

1.

The parties herein are:

Plaintiffs **Roger Landry and Peggy Landry are** natural persons of the full age of majority who are domiciled in Calcasieu Parish, Louisiana; and

Made defendant herein is **State Farm Fire and Casualty Company** (hereinafter "**State Farm**"), a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

**Jurisdiction and Venue**

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

1

## Factual Background

3.

State Farm insured the property of Plaintiffs located at 201 W. Hale St., Lake Charles, Louisiana under Policy No. 18-90-5670-4, which was in full force and effect on August 27, 2020.

4.

Where used herein, State Farm refers to not only the named entity but to anyone acting for or on behalf of State Farm in relation to the claims of Plaintiffs, including the employees, contractors, adjusters and agents of State Farm or anyone providing services to State Farm relating to the claims of Plaintiffs.

5.

Hurricane Laura struck the Gulf Coast including Lake Charles, Louisiana from August 26-28, 2020, making landfall around 1:00 A.M. on August 27 near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

6.

The above property was damaged as a result of winds associated with Hurricane Laura. Not only did the home receive extensive damage rendering it uninhabitable, but the contents and other structures of the residence sustained damage and there was debris that had to be removed.

7.

State Farm was notified of the loss and was provided with satisfactory proof of Plaintiffs' loss when it was given full access to inspect all damages at the insured property without limitation on September 14, 2020.

8.

On October 20, 2020, **State Farm** prepared an estimate which misrepresented the extent and nature of the damage to the Plaintiffs' home and underestimated the amount needed to repair the home. **State Farm's** estimate of repairs totaled a mere $6,650.22 to repair the dwelling and other structures, after application of the hurricane deductible.

9.

On December 7, 2020, Plaintiffs, at their own cost, engaged the services of their own adjuster to complete a thorough inspection of the damage caused by Hurricane Laura and prepare an accurate, complete and correct estimate of damages which totaled $182,433.57 for the repair of the dwelling, other structures, and contents pack out, after depreciation, exclusive of any other covered losses.

10.

On January 15, 2021, Plaintiffs sent to **State Farm** satisfactory proof of loss which consisted of a complete and accurate estimate of damages to the insured property showing $182,433.57 in damages to the dwelling and other structures, along with supporting documents.

11.

On February 2, 2021, Plaintiffs sent to **State Farm** satisfactory proof of loss concerning their additional living expenses consisting of a demand for reimbursement for monthly rental expenses incurred due to the loss of the use of their home, along with supporting documents.

**Claim for Breach of Contract**

12.

**State Farm** undeniably owes Plaintiffs the amounts reflected in the satisfactory proof of loss sent on January 15, 2021 and has failed to unconditionally tender the amounts owed.

3

13.

**State Farm** is in breach of its obligations to Plaintiffs under the insurance policy by its failure to pay timely the amounts owed under the policy.

14.

In addition to amounts reflected in proofs of loss already received by **State Farm,** Plaintiffs are entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

### Claims for Violations of La. R.S. § 22:1892 and/or § 22:1973

15.

Louisiana Revised Statute 22:1892 obligates an insurer, such as **State Farm**, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

16.

Louisiana Revised Statute 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any

insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

17.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

18.

More than thirty and sixty days have elapsed since **State Farm** first received satisfactory proof of loss of all of Plaintiffs' claims and **State Farm** still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

19.

In addition to the amount of the loss owed, **State Farm** is also liable to Plaintiffs for a penalty of 50% of the amount due from **State Farm**, as well as reasonable attorney's fees and costs, based on **State Farm**'s failure to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proof of loss because **State Farm**'s failure to do so was arbitrary, capricious, or without probable cause.

20.

As a result of **State Farm**'s failure to timely pay the amounts owed, Plaintiffs have suffered and continue to suffer damages for which **State Farm** is liable including but not limited to mental anguish, aggravation, and inconvenience, for **State Farm**'s misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Plaintiffs within

sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

21.

In addition to actual damages for its violation of Louisiana Revised Statue 22:1973, **State Farm** is additionally liable to Plaintiffs for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

22.

**State Farm** is and continues to be in violation of both Louisiana Revised Statute 22:1892 and 22:1973 and is liable unto Plaintiffs for damages, statutory penalties, attorneys' fees, interest and costs.

WHEREFORE, after due proceedings hereon, Plaintiffs **Roger Landry and Peggy Landry** pray for judgment in their favor against Defendant **State Farm Fire and Casualty Company** finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiffs for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

RESPECTFULLY SUBMITTED

**COX, COX, FILO, CAMEL & WILSON, LLC**

BY: /s/ Somer G. Brown
_____
**SOMER G. BROWN (Bar No. 31462)**
723 BROAD STREET
LAKE CHARLES, LA 70601
(337) 436-6611 (PH)
(337) 436-9541 (FAX)

*Attorney for Roger and Peggy Landry*